## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN BRITTON,<br><br>      Plaintiff,<br><br>v.<br><br>NORMAN OSTROW, INC., *et al.*,<br><br>      Defendants. | Case No. 19–cv–20306–CCC–ESK<br><br>REPORT AND<br>RECOMMENDATION |

**KIEL**, **U.S.M.J.**

    **THIS MATTER** is before the Court on defendants Norman Ostrow, Inc. and Steven Lesko's letter application to dismiss plaintiff Kevin Britton's complaint for failure to prosecute this matter and for failure to provide discovery (Application). (ECF No. 57.) The Application is unopposed. For the following reasons, I recommend that the Application be **GRANTED** and that this matter be **DISMISSED** with prejudice as to all defendants.

### FACTUAL BACKGROUND

    Britton filed the complaint on November 14, 2019 against defendants Norman Ostrow, Inc. (Norman Ostrow), Steven Lesko (Lesko), 22 Eastern, LLC, Daniel Pronti, Savio D. Figaro, and Savio D. Figaro Limited Liability Company, alleging defendants "us[ed] the New Jersey legal system as a tool to harass and force Mr. Britton from his home." (ECF No. 1 pp.1, 2.) The complaint asserts causes of action for: failure to accommodate (count one); violation of the Fair Debt Collection Practices Act (count two); discrimination under New Jersey state law (count three); retaliation under New Jersey state law (count four); aiding and abetting under New Jersey state law (count five); abuse of process (count six); malicious use of process (count seven); intentional infliction of emotional distress

(count eight); and violation of the New Jersey reprisal law (count nine).  (*Id.* pp. 13, 15–20.)

## PROCEDURAL HISTORY

Norman Ostrow and Lesko (Lesko Defendants) filed their answer to the complaint, along with a counterclaim against Britton, on January 21, 2020. (ECF No. 6.)  Defendants Savio D. Figaro and Savio D. Figaro Limited Liability Company (Figaro Defendants) filed their answer to the complaint on January 24, 2020.  (ECF No. 10.)  Defendants 22 Eastern, LLC and Daniel Pronti (Pronti Defendants) filed their answer to the complaint, along with a counterclaim against Britton, on February 20, 2020.  (ECF No. 14.)  The initial scheduling order was entered on February 27, 2020.  (ECF No. 17.)

Britton's former attorney of record, Alexander G. Cabeceiras, Esq., with Derek Smith Law Group, PLLC (Britton's Former Counsel), filed a motion to withdraw as counsel on October 28, 2020—about one year after the complaint was filed (Withdrawal Motion). (ECF No. 44.) Britton's Former Counsel indicated that, "[d]espite the good faith efforts of the Derek Smith Law Group, PLLC, the plaintiff in this action has become uncommunicative and has failed to cooperate with counsel in the prosecution of this action."  (ECF No. 44-1 ¶ 5.) By text order entered on October 29, 2020, I scheduled a hearing on the Withdrawal Motion for November 19, 2020, with any opposition to the Withdrawal Motion due by November 16, 2020.  (ECF No. 46.)  The hearing proceeded on November 19, 2020 (minute entry after ECF No. 46), and the hearing was continued to December 1, 2020 (ECF No. 47).

I granted the Withdrawal Motion on December 1, 2020.  (ECF No. 48.) The Order granting the Withdrawal Motion notes that Britton's Former Counsel "forwarded to the Court by email all papers [Britton's Former Counsel] received from plaintiff in response to the [Withdrawal] Motion."  (*Id.* p. 1.)  Those papers included Britton's belated opposition to the Withdrawal Motion forwarded to me for *in camera* review.  (*Id.*)  Defendants did not file any opposition to the

Withdrawal Motion. (*Id*.) I held an *ex parte* hearing, on the record, with Britton's Former Counsel, Britton, and Lashambi Britton (Britton's daughter). (*Id*.) The Order granting the Withdrawal Motion directed the Clerk of the Court to note *pro se* Britton's address along with Britton's email address on the docket. (*Id*. ¶ 2.)

In light of Britton's Former Counsel's withdrawal from representation, I afforded Britton an opportunity to file an amended complaint by January 15, 2021. (ECF No. 49.) I also scheduled a status conference for January 20, 2021. (ECF No. 50.) Britton did not appear for the status conference. (ECF No. 57 p.2.)

The Lesko Defendants filed a letter advising that no amended complaint was filed by January 15, 2021. (ECF No. 51 p.1.) The Lesko Defendants also sought leave to file a motion to dismiss the complaint for failure to provide discovery and expressed their intention to re-engage in dispositive motion practice. (*Id*. p.2.) The Pronti Defendants "join[ed]" in the Application. (ECF No. 55.) Following the status conference on January 20, 2021 (minute entry after ECF No. 52), I granted the Lesko Defendants leave to file a letter application for relief based on Britton's failure to provide discovery by January 29, 2021, with any response to such application due by February 12, 2021. (ECF No. 52 ¶ 1.) The Lesko Defendants filed the letter application by the deadline. (ECF No. 53.) Britton failed to respond to the application.

In response to the filing of the Lesko Defendants' application of January 29, 2021, I entered an Order on February 16, 2021 directing Britton to show cause, in writing, by February 26, 2021 "as to why the complaint should not be dismissed for plaintiff's failure to prosecute this matter[.]" (ECF No. 56 ¶ 1.) Britton failed to file or otherwise transmit any written submission in response to my directive to show cause. The Lesko Defendants filed the Application on March 4, 2021, seeking dismissal of the complaint "for failure to prosecute this matter

3

and for refusal to produce discovery." (ECF No. 57 p.1.) The Application is unopposed.

## APPLICABLE LAW

"A District Court has authority to dismiss a suit for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Ricks v. Udijohn*, No. 14-04079, 2017 WL 53706, at *2 (D.N.J. Jan. 4, 2017) (citing *Shipman v. Delaware*, 381 F.App'x 162, 164 (3d Cir. 2010)). "A failure to comply with court orders, failure to respond to discovery, or other failure to act is sufficient to constitute lack of prosecution." *Id.* (citing *Wortman v. Umrani*, No. 05-01411, 2006 WL 2347853, at *3 (D.N.J. Aug. 11, 2006)).

Courts ordinarily consider six factors to determine whether dismissal is appropriate: "(1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b)." *Ricks*, 2017 WL 53706, at *2 (citing *Iseley v. Bitner*, 216 F.App'x 252, 254–55 (3d Cir. 2007)). Moreover, "where a party willfully abandons his case, or makes adjudication of a matter impossible through his or her conduct, *Poulis* balancing is unnecessary." *Id.* (citing *Spain v. Gallegos*, 25 F.3d 439, 454–55 (3d Cir. 1994)); *see also Jackson v. U.S. Bankr. Ct.*, 350 F.App'x 621, 624 (3d Cir. 2009) (deeming *Poulis* analysis unnecessary "where a litigant willfully refuses to prosecute his case or effectively makes it impossible to proceed, leaving the District Court with little recourse other than dismissal").

4

## DISCUSSION

It appears Britton has willfully—and totally—abandoned his case, which renders *Poulis* balancing unnecessary. *Spain*, 25 F.3d at 454–55. After the Withdrawal Motion was granted—relieving Britton's Former Counsel of any further representation in this matter—I scheduled a status conference for January 20, 2021. Britton failed to appear for the conference and did not seek an adjournment. Britton also had until January 15, 2021 to file an amended complaint. He failed to file an amended complaint by the deadline and did not seek to extend the deadline. Additionally, based on Britton's failure to cooperate in discovery, the Lesko Defendants sought leave to file a letter application for relief. After the Lesko Defendants filed the application, Britton failed to file any response and did not otherwise dispute that he was delinquent in discovery.

On February 16, 2021, I entered an Order directing Britton to show cause by February 26, 2021 as to why the complaint should not be dismissed for his failure to prosecute this matter. Britton failed to file or otherwise transmit any written submission showing cause by the deadline. The Lesko Defendants then filed the present Application on March 4, 2021. By that juncture, Britton had still not filed any written submission showing cause as to why the complaint should not be dismissed. Britton likewise failed to respond in any way to the Application. He has not requested additional time in order to retain new counsel in this matter. Indeed, Britton has failed to participate in the prosecution of his own case for over four months, despite repeated opportunities to be heard. Based on the foregoing, Britton has willfully refused to prosecute this matter and has totally abandoned his case.

## CONCLUSION

For the foregoing reasons, I recommend that the Application be **GRANTED**. Given the clear and unambiguous indication that Britton has completely abandoned his case, I recommend this matter be **DISMISSED** as to all defendants with prejudice.

                                                        */s/ Edward S. Kiel*
                                                        **EDWARD S. KIEL**
                                                        **UNITED STATES MAGISTRATE JUDGE**

Date: March 18, 2021